**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL HARVESTER COMPANY, Defendant.**

No. C–3–85–365.

United States District Court, S.D. Ohio, W.D.

Nov. 25, 1985.

Dale Goldberg, Asst. U.S. Atty., Dayton, Ohio, Steven J. Willey, Atty. at Law, U.S. Dept. of Justice, Lands & Natural Resources Div., Washington, D.C., Carey S. Rosemarin, Asst. Regional Counsel, U.S. E.P.A., Chicago, Ill., for plaintiff.

Howard P. Krisher, Dayton, Ohio, Donald W. Rupert, Chicago, Ill., for defendant.

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO STAY CO-PENDING ADMINISTRATIVE PROCEEDING (DOC. # 9); SCHEDULE SET FOR FURTHER PROCEEDINGS IN THIS COURT; SETTLEMENT CONFERENCE SET

RICE, District Judge.

The substance of the instant Decision and Entry is essentially that which was conveyed to the parties in a telephone conference call which was held between the Court and counsel on Tuesday, November 19, 1985.

A. DEFENDANT'S MOTION TO STAY CO-PENDING ADMINISTRATIVE PROCEEDING (DOC. # 9)

■ The Court notes at the outset that, while Defendant's motion is framed in terms of a "stay," in essence Defendant seeks that this Court enjoin an administrative proceeding before the United States Environmental Protection Agency (USEPA) entitled *In the Matter of International Harvester Corporation, CAA–120–V–84–1.* While the Court would agree with Defendant that it possesses the inherent power to stay cases on its *own* docket, the Court cannot and does not accept Defendant's proposition that this inherent power extends to control or "stay" of cases on the docket of another judge such as Adminis-

trative Law Judge Vanderheyden. Preliminary injunctive relief is required for the end sought by Defendant.

■ This being said, the Court notes the clear intent of Congress, as reflected by the statutory structure, that 42 U.S.C. Sections 7413(a) and 7420 be simultaneous, independent and cumulative remedies for violations of the Clean Air Act and the Ohio State Implementation Plan (SIP). Section 120 of the Clean Air Act, 42 U.S.C. § 7420, was specifically added in 1977 because Congress anticipated that even the strengthened civil penalty of Section 113, 42 U.S.C. § 7413(a), would not create sufficient incentives for polluters to comply with air quality standards. *Duquesne Light Co. v. E.P.A.*, 698 F.2d 456, 463 (D.C.Cir.1983). In 42 U.S.C. § 7420(f), moreover, Congress clearly stated that the administrative remedy of Section 120 is to be completely independent of the remedy available in district court under Section 113. Non-compliance penalties owed to the government due to a Section 120 violation may be enforced in district court pursuant to Section 113(b) by the government, even as a civil penalty is pursued under Section 113 in district court. Reviews of Section 120 non-compliance proceedings, however, lie in the Sixth Circuit, and not in this Court.

Defendant argues that 42 U.S.C. § 7607(g) impliedly gives this Court authority to enjoin an administrative proceeding under Section 120. Defendant reads this statute as restricting only the court actually handling a Section 120 action from entering a stay in that action prior to the entry of final judgment. No legislative history or case law appears on point. Even were this Court persuaded by Defendant's interpretation of 42 U.S.C. § 7607(g), which it is not, this provision alone is not enough to counterbalance, at least in this Court's opinion, the rest of the statutory indications that the proceedings under Section 113 and 120 of the Clean Air Act are to be simultaneous, independent and cumulative.

Turning from the clear intent of the statutory scheme, the Court also notes that Defendant has failed to satisfactorily establish the presence of any of the four criteria necessary in this circuit for the issuance of injunctive relief. *See Frisch's Restaurant v. Shoney's*, 759 F.2d 1261 (6th Cir.1985). With respect to irreparable injury, Defendant only offers its speculation as to the possible impact of Plaintiff's success in this litigation, as well as its protests of the inconvenience and drain of resources caused by the Plaintiff's maintenance of two actions. This is, plainly, insufficient for purposes of an injunction. With respect to injury to the EPA, while Defendant contends that any non-compliance penalties will continue to accumulate, this Court must agree with Plaintiff that an injunction would deprive Plaintiff of an authorized statutory tool of enforcement. There is no need to consider the remaining prongs of the four-part test for injunctive relief, except to note that Defendant has simply not made out a case for the issuance of an injunction.

For these reasons, Defendant's Motion to Stay Co-Pending Administrative Proceeding is overruled in its entirety.

## B. SCHEDULE FOR FURTHER PROCEEDINGS IN THIS COURT

As represented by counsel during the telephone conference call on November 19, Administrative Law Judge Vanderheyden granted the E.P.A.'s Motion in Limine on November 7, 1985, thus excluding Defendant's proposed defenses of technical infeasibility and economic unreasonableness. The ALJ opened discovery in the administrative case on November 7, and apparently has allowed the parties 32 days of discovery. Discovery is thus to cut off in the administrative proceeding on December 9, 1985. Trial before Judge Vanderheyden is set for December 18 through December 27, 1985, excluding the day of Christmas. Defendant has filed before the ALJ a Motion to Reconsider his ruling of November 7. As of the date of this Decision and Entry, Judge Vanderheyden has not as yet ruled upon said motion.

**218**

The further proceedings in this Court will thus turn on the progress of the administrative case before Judge Vanderheyden. In the event that Defendant's Motion to Reconsider is denied, the parties should notify this Court on the day that post-trial briefs in the administrative case are filed with Judge Vanderheyden. Upon such notification, this Court will convene a telephone conference call with counsel. At that time, a discovery schedule of four months will be set. After the completion of this four-month period, plus an additional 35 days for trial preparation, trial on the merits will begin in this Court on the first Monday after the completion of the 35-day post-discovery period.

In the event that the ALJ sees fit to sustain Defendant's Motion to Reconsider, the parties are to notify this Court immediately. A telephone conference call will be convened at that juncture in order to determine the impact, on the instant case, of Judge Vanderheyden's ruling and any new schedule to be followed by him in the administrative case.

## C. SETTLEMENT CONFERENCE

As determined in the telephone conference call of November 19, a settlement conference is set in chambers in this matter for Wednesday, December 4, 1985, at 10 a.m. Steven Willey and Donald Rupert have both indicated that they will be in attendance. Carey Rosemarin will be present in the event that other commitments permit him to participate. Local counsel of record for Defendant, Howard Krisher, will be excused from attending said conference.